UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 2:15-CR-20025-001

JOSE E. MENDEZ-ALVARADO                                                                     DEFENDANT

## OPINION AND ORDER

Defendant Jose Mendez-Alvarado filed a motion (Doc. 394) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 400) in opposition and various exhibits under seal (Doc. 401). In addition to the motion and response, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 238). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On January 19, 2016, Defendant pled guilty to aiding and abetting, and being aided and abetted in, the possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2. Defendant was sentenced to 150 months imprisonment and five years supervised release on September 29, 2016. On May 26, 2020, Defendant filed a motion (Doc. 370) to reduce his sentence to time served due to the COVID-19 pandemic. The motion was denied. The Court held that the 18 U.S.C. § 3553(a) factors did not support a sentence reduction.

1

Defendant again moves for his sentence be reduced to time served. The motion will be denied because the § 3553(a) factors do not support modification of Defendant's sentence. As to the nature and circumstances of the offense, Defendant was a leader and organizer of a large-scale drug trafficking organization. He possessed 4.54 kilograms of actual methamphetamine at the time of his arrest. Defendant also appears to have extensive drug trafficking connections demonstrated by his involvement in high-purity methamphetamine trafficking in two different states. Finally, Defendant asserts that he is a national from El Salvador and will be deported upon his release from imprisonment. If Defendant is deported, he will not be subject to five years of supervised release and will be more likely to recidivate.

The Court finds a reduction of Defendant's sentence to time served would not reflect the seriousness of the offense, afford adequate deterrence to future criminal conduct, or protect the public from further crimes of the defendant. Defendant's current projected release date is February 7, 2026, and the Court does not believe the interest of justice would be served by reducing Defendant's sentence by over 50 percent. Because the 3553(a) factors do not support modification, Defendant's motion will be denied.

Defendant also cites his medical conditions and the ongoing COVID-19 pandemic to support his motion. Although Defendant suffers from several serious medical conditions, none of these conditions have been identified by the Centers for Disease Control and Prevention ("CDC") as a condition that makes one especially vulnerable to COVID-19. Additionally, Defendant's medical records indicate that Defendant has already recovered from COVID-19. In light of the lower risk of reinfection for a period following initial infection and Defendant's medical conditions, the Court does not believe present circumstances support a modification.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 394) will be DENIED.

IT IS SO ORDERED this 17th day of March, 2021.

/s/P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE