UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                              No. 2:15-CR-20025-001

JOSE E. MENDEZ-ALVARADO                                                                         DEFENDANT

## OPINION AND ORDER

Defendant Jose Mendez-Alvarado filed a motion (Doc. 418) for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The Government filed a response (Doc. 422) in opposition and various exhibits under seal (Doc. 425).  In addition to the motion and response, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 238).  The motion will be DENIED.

This is Defendant's third motion related to the length of his sentence.  On January 19, 2016, Defendant pled guilty to aiding and abetting, and being aided and abetted in, possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2.  Defendant was sentenced to 150 months' imprisonment and five years' supervised release on September 29, 2016.  On May 26, 2020, Defendant filed a motion (Doc. 370) to reduce his sentence to time served due to the COVID-19 pandemic.  This Court denied the motion.  (Doc. 377).  The Court held that the 18 U.S.C. § 3553(a) factors did not support a sentence reduction.  *See id.*  Defendant then filed a second motion (Doc. 394) to reduce his sentence.  This Court again denied the motion, holding that the 18 U.S.C. § 3553(a) factors still did not warrant modifying his sentence.  (Doc. 406).

The Court may modify a term of imprisonment on a defendant's motion if: (1) the defendant has exhausted Bureau of Prisons administrative remedies or that process has stalled for

1

30 days; (2) extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification; and (3) a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c)(1)(i). The Government argues that it is not clear that Defendant exhausted his administrative remedies, but the Court need not resolve that issue because Defendant has not shown the necessary extraordinary and compelling reasons to warrant modification. The section 3553(a) factors also do not support modification.

First, the motion will be denied because Defendant has not shown extraordinary and compelling reasons to warrant modification. Defendant argues fourteen health conditions have left him "seriously debilitated" which shows extraordinary and compelling reasons for his sentence reduction. (Doc. 418, p. 5). The United States Sentencing Commission has provided examples of extraordinary and compelling reasons when it comes to health conditions. *See* U.S.S.G. § 1B1.13 cmt. n. 1. Defendant can show extraordinary or compelling circumstances by showing he is "suffering from a terminal illness" or he is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Although Defendant has some serious health conditions, he has not explained how any of his conditions are terminal or diminish his ability to provide self-care while in prison. Defendant also states that some district courts recognize that defendants who are vulnerable to COVID-19 have been granted compassionate relief. But as this Court previously explained, "none of [Defendant's] conditions have been identified by the Centers for Disease Control and Prevention ('CDC') as a condition that makes one especially vulnerable to COVID-19. Additionally, Defendant's medical records indicate that Defendant has already recovered from COVID-19." (Doc. 406, p. 2). Based on this lack of compelling and extraordinary reasons, Defendant's motion

will be denied.

Second, the section 3553(a) factors also support denying the motion.  As explained twice previously, the nature and circumstances of the offense show Defendant was a leader and organizer of a large-scale drug trafficking organization.  He possessed 4.54 kilograms of actual methamphetamine at the time of his arrest.  It also appears that Defendant had extensive drug trafficking connections demonstrated by his involvement in high-purity methamphetamine trafficking in two different states.

Finally, the Court again finds a reduction of Defendant's sentence to time served would not reflect the seriousness of the offense, afford adequate deterrence to future criminal conduct, or protect the public from further crimes of the defendant.  Defendant's current projected release date is February 7, 2026, and this date has not changed from the Court's previous order denying Defendant's attempt to reduce his sentence.  At that time, Defendant had served approximately 45.5 % of his sentence.  (Doc. 401-1, p. 4).  According to BOP records, he has now served 62.1% of his 150-month sentence.  (Doc. 425-1, p. 3).  The Court does not believe the interests of justice would be served by reducing Defendant's sentence by nearly 40 percent.  Because the 3553(a) factors do not support modification, Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 418) will be DENIED.

IT IS SO ORDERED this 7th day of August, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE